ALUMINUM CASTINGS CO. v. LOCAL NO. 84 OF INTERNATIONAL MOLDERS' UNION OF NORTH AMERICA et al.

(District Court, W. D. New York.  June 15, 1912.)

INJUNCTION (§ 230*)—VIOLATION—CONTEMPT—EVIDENCE.

Evidence considered, and *held* to show that certain of the defendants intimidated and assaulted an employé of complainant because of his refusal to join in a strike, in violation of an injunction previously issued and served on them, thereby committing a contempt of court.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 502–516; Dec. Dig. § 230.*]

In Equity.  Suit by the Aluminum Castings Company against Local No. 84 of the International Molders' Union of North America and others.  On motion to punish for contempt.  Motion sustained.

Love & Keating, of Buffalo, N. Y., for complainant.
Daniel V. Murphy, of Buffalo, N. Y., for defendants.

HAZEL, District Judge.  A temporary restraining order was issued on the 27th day of April, 1912, and said order, together with the bill of complaint herein, was duly served by the marshal on the defendants Stemp, Smith, Copkins, also known as Paradowski, and Lothringer, restraining them from molesting any person or persons employed by the complainant or seeking to enter such employment, or going to and from complainant's premises.  Later, on May 8th, there was issued and directed to the defendants above named an order to show cause why they should not be punished for contempt in disobeying the order of the court.  There has been a hearing upon such order, and I have considered the affidavits in support thereof and the affidavits in opposition.

It is shown that defendants Stemp, Smith, and Copkins on the 7th day of May, 1912, intimidated Joseph Zachowicz and James Rozen, complainant's employés, and committed assault and battery upon the person of Zachowicz, at the same time remonstrating with him and molesting him concerning his employment.  The defendants have read affidavits tending to show that there was no intimidation or unlawful persuasion on their part, that the workman Zachowicz was the aggressor, and threatened to strike the defendant Stemp; but there is disinterested testimony, which in connection with the surrounding circumstances I think sufficiently corroborates complainant's affidavits with reference to the assault and the intimidation.  The affiant Hilliker, a passerby at the place where the mêlée occurred, states that as Zachowicz and Rozen came out of Flynn's saloon, near complainant's plant, the defendant Stemp grabbed Zachowicz by the arm and hit him on the head, knocking off his hat.  This was the beginning of an affray in which Andy Smith and Copkins, who also committed assault and battery upon the person of Zachowicz, joined.

No reasonable doubt exists in my mind as to the truth of the assertion that the defendants named committed the assault without

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provocation, and that it was due to the fact that the workmen assaulted were unwilling to join in the strike of complainant's employés. The charge that the defendant Lothringer threatened the affiant Rozen is not sufficiently substantiated, and the charge as to him is dismissed. But as to defendants Stemp, Smith, and Copkins the charge of contempt of court is sustained, and, as such contempt is civil in its nature, each of the said defendants is directed to pay a fine of $100 for the benefit of the complainant, and attachment may issue accordingly.